744 P.2d 137

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert H. MADER,
Defendant-Appellant.**

**No. 16522.**

Court of Appeals of Idaho.

Oct. 5, 1987.

John T. Mitchell, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

A jury convicted Robert Mader of lewd conduct under I.C. § 18–1508, for sexually molesting a five-year-old girl. On appeal, Mader contends that the trial court erred in (1) finding the victim competent to testify, and (2) allowing her to testify without administering a formal oath. The state asserts that both of these issues were waived at trial and, therefore, can only be reviewed for fundamental error. We agree and for reasons stated below, we affirm the judgment of conviction.

The facts surrounding the offense need not be recited here. Our focus is on events at trial. The child victim was the state's key witness. While the jury was seated, she was called to testify. In order to determine whether an oath should be administered, the prosecutor first asked qualifying questions regarding her ability to discern the difference between truth and falsity. She gave appropriate responses, indicating an ability and a willingness to tell the truth.

■ However, when the prosecutor began to ask questions regarding the day when the molestation allegedly occurred, defense counsel interjected that "we are getting into the merits and I think it would be time to proceed with the swearing in of the witness." The prosecutor responded that "the formal oath [isn't] going to have much significance to a six year old child but I think that I've established that she knows the difference between telling the truth and telling a lie and that she's going to tell the truth today." Defense counsel replied: "I'm not sure she has but I would concede that its probably to the point where the jury can pass on that in the deliberations."

The judge then conducted his own examination of the witness. Some of her responses were appropriate and others were not. Upon conclusion of the court's inquiry, the judge determined that the child had "the ability to recall and to perceive

and retell" and that it would "be for the jury to determine the weight and credibility of her testimony." At this point, defense counsel responded: "Fine." He made no further objection to the child's testimony until he moved for a judgment of acquittal, before the case was submitted to the jury. He then argued that the witness was incompetent and, in any event, should have been sworn.

Upon these facts, we hold that the issues were waived for lack of timely objection. During voir dire of the witness, counsel indicated that competency had been established at least for the purpose of permitting her to testify and allowing the jury to evaluate her testimony. When the court dispensed with a formal oath, counsel replied, "Fine." We cannot view these events as indicating anything other than waiver of objection to lack of competency and failure to administer a formal oath.

■ Absent fundamental error, an appellate court generally will not review rulings at trial to which timely objection was not made. *State v. Baruth*, 107 Idaho 651, 691 P.2d 1266 (Ct.App.1984). Consequently, the only question remaining in this case is whether the child's alleged lack of competency or the court's failure to administer a

formal oath represented fundamental error —i.e., deprived Mader of a fair trial. *See State v. Haggard*, 94 Idaho 249, 486 P.2d 260 (1971). It is well settled that a trial court has discretion to determine witness competency. I.R.E. 601(a). Here, after a thorough inquiry of the witness, the trial judge reasonably could conclude that the child was competent to perceive, recall and accurately retell past events. Furthermore, the lack of a formal oath did not destroy the fairness of the trial. The court's lengthy qualifying inquiry adequately impressed upon the child the importance of telling the truth. *See State v. Bosley*, No. 85AP–591 (Ohio Ct.App. March 27, 1986) (LEXIS, States library, Ohio file). Although this type of interrogation is not the equivalent of a formal oath, its use here was sufficient to prevent fundamental error.

The judgment of the district court is affirmed.